UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHAMBERS OF<br>**MADELINE COX ARLEO**<br>UNITED STATES DISTRICT JUDGE | MARTIN LUTHER KING COURTHOUSE<br>ROOM 2060<br>50 WALNUT ST.<br>NEWARK, NJ 07101<br>973-297-4903 |

March 30, 2017

VIA ECF
Counsel for all parties

**MEMORANDUM OPINION AND ORDER**

Re:   **High Crest Functional Medicine, LLC, et al., v. Horizon Blue Cross Blue
Shield of New Jersey, Inc., et al.,
Civil Action No. 15-8876_____ _____ _____**

Dear Counsel:

This matter comes before the Court by way of motions to dismiss by Defendant The Okonite Company, Inc. ("Okonite"), Dkt. No. 57, and Defendants Novartis Pharmaceuticals Corporation ("Novartis"), NRG Energy, Inc. ("NRG") and Public Service Electric and Gas Company ("PGE&G") (collectively, the "Novartis Defendants"), Dkt. No. 62, against Plaintiffs High Crest Functional Medicine, LLC, Immunogen Diagnostics, LLC, Dr. Michael Segal, D.O., and Neelendu Bose ("Plaintiffs"). For the reasons set forth below, the motions are granted in part and denied in part.

   **I.   BACKGROUND**

Plaintiffs, several medical providers, bring this ERISA suit against a group of employer-plan sponsors and Horizon Blue Cross Blue Shield of New Jersey ("Horizon"), the sponsors' third-party claims administrator, for wrongful denial of claims payments and self-dealing.

Around 2011, Plaintiffs performed out-of-network medical services for ERISA plan participants ("Participants") who work for Okonite and the Novartis Defendants. Am. Compl. ¶¶ 1, 6, Dkt. No. 19. The Participants assigned their rights to Plaintiffs, who submitted the medical

claims to Horizon. Id. ¶ 2. Horizon refused to pay. Id. ¶ 8. Instead, it put Plaintiffs on "prepayment review" while purporting to conduct an investigation into Plaintiffs' business practices. Id. Over the following months, Horizon repeatedly requested new information about the claims, leaving the claims pending past the ERISA-mandated claims review time period. Id. ¶ 53. This practice continued for over a year, so Plaintiffs sued Horizon in 2012 (the "2012 Action"). Id. ¶ 89. Horizon then began denying or underpaying the claims without a legitimate reason. Id. ¶¶ 97-99. In 2015, Plaintiffs and Horizon dismissed the 2012 Action without prejudice pursuant to a tolling and case management agreement. Id. ¶ 95. But that same year, Plaintiffs filed the instant case (under a new case number) against Horizon, also naming Okonite, the Novartis Defendants, and several other alleged plan sponsors.

Plaintiffs allege that Horizon had a financial motive for to delay, deny, and underpay the claims. The motive stems from the administrative services contracts ("ASCs") that Horizon entered into with Okonite and the Novartis Defendants. Id. ¶ 9. The ASCs permit Horizon to bill the employer-sponsors for the full amount of the services rendered by the medical providers, but then negotiate with the providers for a lower payment amount. Id. ¶ 10. The ASCs permit Horizon to keep the difference between the amount received from the sponsors and the amount paid to the providers. Id. Horizon does not have to disclose the negotiated difference to anyone. Id. ¶ 11. Thus, Plaintiffs allege, Horizon delayed, denied, and underpaid their claims because Horizon could keep the money paid by the sponsors. See id. ¶ 12. According to Plaintiffs, this constituted a breach of fiduciary duty and self-dealing on Horizon's part, which also implicated Okonite and the Novartis Defendants as co-fiduciaries of the plans.

In relevant part, Plaintiffs assert claims for (1) wrongful denial of benefits and unreasonable claims review under 29 U.S.C. § 1133 against only Horizon (Count One); (2)

breach of fiduciary duty against all defendants under 29 U.S.C. § 1104 (Count Two); (3) engaging in prohibited transactions under 29 U.S.C. § 1106 against all defendants (Count Three); and (4) failure to provide plan documents under 29 U.S.C. § 1132(c) against all defendants (Count Four).  It appears from the Amended Complaint that Plaintiffs assert Counts One and Four under ERISA section 502(a)(1)(B) because they seek monetary damages and penalties, and Counts Two and Three under section 502(a)(3) because they seek equitable relief.  29 U.S.C. § 1132(a)(1)(B), (a)(3).

Okonite and the Novartis Defendants filed two separate motions to dismiss Counts Two, Three, and Four, the only counts asserted against them.

## II. OKONITE'S MOTION TO DISMISS

### A. Counts Two (Breach of Fiduciary Duty) and Three (Prohibited Transactions)

#### 1. Duplicative Relief

Okonite argues that Counts Two and Three must be dismissed because they are duplicative of the relief sought under Count One.  Relying on Varity Corp. v. Howe, 516 U.S. 489 (1996), Okonite contends that equitable relief under § 502(a)(3) is not available because Plaintiffs' alleged injuries can be addressed in a benefits claim under § 502(a)(1)(B).  The Court disagrees.

In Varity, the Supreme Court stated that § 502(a)(3) is a "catchall" provision that allows "appropriate equitable relief for injuries caused by [ERISA] violations that § 502 does not elsewhere adequately remedy."  Id. at 512.  However, several courts in this district and circuit have found that Varity "does not establish a bright line rule precluding the assertion of alternative claims under sections 502(a)(1)(B) and 502(a)(3) at the motion to dismiss stage."  See, e.g., Lipstein v. United Healthcare Ins. Co., No. 11-1185, 2011 WL 5881925, at *3 (D.N.J.

Nov. 22, 2011) (collecting cases). Those courts have disfavored dismissal of such claims so early in the litigation. See id. In light of those cases, Okonite's argument is premature.

Moreover, at this stage, Count One can be construed as seeking different relief from Counts Two and Three. Count One seeks monetary compensation and unspecified "injunctive relief." Counts Two and Three ask for restitution, which is admittedly similar to monetary relief, but they also ask for reformation and rescission of parts of the ASCs themselves in order to undo Horizon's alleged self-dealing. Count One does not seek such relief. As such, the claims are not necessarily coterminous.

Nonetheless, "the Court will not permit a § 502(a)(3) claim to duplicate the relief theories of § 502(a)(1)(B) at the appropriate stage of this litigation." Rahul Shah, M.D. v. Horizon Blue Cross Blue Shield, No. 15-8590, 2016 WL 4499551, at *10 (D.N.J. Aug. 25, 2016) (quoting Lipstein, 2011 WL 5881925, at *3). Okonite may reassert these claims if it appears that the claims are truly duplicative or meritless. Until that point, Counts Two and Three will not be dismissed under Varity.

Okonite responds that the claims are similar because the reformation or rescission remedies under Counts Two and Three do not have merit. Importantly, Okonite does not challenge the legal claim that the ASCs allow Horizon to engage in self-dealing. Instead, it challenges the sufficiency of the allegations in support of the remedies of reformation and rescission. It asserts that Plaintiffs have not "plead[ed] what it is in each separate Plan that should be reformed," or "hint[ed] at the context in which each plan would function after one or more parts of it are 'reformed.'" Okonite Br. at 16, Dkt. No. 57. Rule 8 does not require that level of specificity. Plaintiffs have pleaded the structure of the Plans and ASCs, and identified what is allegedly wrong with them: they permit self-dealing by allowing Horizon to negotiate

4

with providers, keep plan assets, and keep employers in the dark about how much money it kept. That is sufficient at this stage. See Prudential Ins. Co. of Am. v. Bank of Am., Nat. Ass'n, 14 F. Supp. 3d 591, 617 (D.N.J. 2014) ("Because rescission properly depends on the totality of the circumstances, it is premature to rule on its availability at the pleading stage.").[1]

### 2. Laches

Okonite next argues that latches bars the claims. Specifically, Okonite contends that Plaintiffs admit they lost the assignment of benefit forms ("AOBs") that allow Plaintiffs to bring these claims on behalf of the Participants. Okonite claims it is prejudiced because it cannot challenge the validity of the assignment without those forms. The Court again disagrees.

"Laches consists of two elements, inexcusable delay in instituting suit and prejudice resulting to the defendant from such delay." Gruca v. U.S. Steel Corp., 495 F.2d 1252, 1258 (3d Cir. 1974) (internal citation omitted). Here, Okonite has not established prejudice because it has not established that Plaintiffs lost the AOBs. Okonite directs the Court to paragraph 153 of the Amended Complaint. But there, Plaintiffs allege only that Horizon cannot dispute the scope of Plaintiffs' assignment of rights "regardless of whether" Plaintiffs produce the documents. Am. Compl. ¶ 153. It does not say that they do not have them. As such, the allegations in the Amended Complaint do not warrant dismissal under a laches theory.

### 3. Funded Plan

Okonite then argues that Plaintiffs failed to plead that Okonite is a funded plan. The Court is not persuaded. Although the Amended Complaint does not explicitly identify Okonite as a funded plan, that fact can be reasonably inferred from the pleading. For example, Plaintiffs allege that Okonite hired Horizon, then allege that Horizon misappropriated Okonite's "plan

---

[1] For the same reasons, it is premature to deny Plaintiffs other equitable remedies until it is clear that the monetary relief will in fact provide adequate relief.

funds." Id. ¶ 29. While not the model pleading, it is sufficient.

### B. Count Four (Failure to Provide Plan Benefits)

In Count Four, Plaintiffs seek relief under section 502(c)(1)(B). 29 U.S.C. § 1132(c)(1)(B). That provision provides that a court may impose a fine (up to $100 per day) upon a plan administrator who fails to provide information to a participant or beneficiary as required by ERISA. To state a claim, a plaintiff must allege: (1) it made a request to a plan administrator, (2) who was required to provide the requested material, but (3) failed to do so within 30 days of the request. Spine Surgery Assocs. & Discovery Imaging, PC v. INDECS Corp., 50 F. Supp. 3d 647, 656 (D.N.J. 2014).

Okonite argues that the Amended Complaint does not plead the first element. That is, the Amended Complaint alleges only that Plaintiffs requested documents from Horizon, Okonite's claims administrator, not on Okonite itself. Plaintiffs do not deny this. Instead, they argue that Okonite can be held liable for Horizon's noncompliance under respondeat superior. See Am. Compl. ¶¶ 183-84. The Court is not persuaded. Their argument consist of a single paragraph in which they cite an out-of-circuit case that suggests that respondeat superior applies to ERISA claims generally. See Opp'n at 6 (citing In re Cardinal Health, Inc. ERISA Litig., 424 F. Supp. 2d 1002, 1048-49 (S.D. Ohio 2006)), Dkt. No. 82. They have not provided any case in which respondeat superior applied in the section 502(c)(1)(B) context. Nor do they assert any reason why it should apply, despite the fact that their argument appears to be a matter of first impression in this circuit. As such, their argument fails. Count Four is dismissed without prejudice as to Okonite.

### III.  THE NOVARTIS DEFENDANTS' MOTION TO DISMISS

#### A. Standing

The Novartis Defendants move to dismiss Counts Two, Three, and Four as against them for lack of standing.  They argue that those claims are beyond the scope of Plaintiffs' assignment of benefits, so Plaintiffs do not have standing to bring them.

Generally, a civil action under ERISA may only be brought "by a participant or beneficiary" of the ERISA plan administered by the defendant.  29 U.S.C. § 1132(a).  A medical provider, however, can gain derivative standing to pursue certain ERISA claims on behalf of a plan participant when the plan participant, i.e., the patient, assigns such rights and benefits to the provider.  CardioNet, Inc. v. Cigna Health Corp., 751 F.3d 165, 176 n.10 (3d Cir. 2014).  "In determining what claims a healthcare provider may bring under ERISA, courts look to the language of the assignment."  Ctr. for Orthopedics & Sports Med. v. Horizon, No. 13-1963, 2015 WL 5770385, at *4 (D.N.J. Sept. 30, 2015) (collecting cases).

The parties have provided the relevant assignment of benefit forms ("AOBs").[2]  Novartis and PSE&G employees assigned, "to the full extent permissible under the law and any applicable employee group health plan(s), . . . any claim, chose in action, or other right I may have to such group health plans . . . with respect to medical expenses incurred as the result of the medical services . . . ."  Brooks Decl. Exs. A, B, Dkt. No. 81-1.  The AOBs further confer the right "to the full extent permissible under the law to claim or lien such medical benefits . . . and any applicable remedies, including but are not limited to (1) obtaining information about the claim to the same extent as the assignor . . . and (5) any administrative and judicial actions by such

---

[2] The assignment forms are integral to the Amended Complaint, of undisputed authenticity, and therefore are properly before the Court.  Zapiach v. Horizon Blue Cross Blue Shield of New Jersey, No. 15-5333, 2016 WL 796891, at *3 n.1 (D.N.J. Feb. 29, 2016) (internal citations omitted).

provider(s) to pursue such claim, chose in action or right against any liable party of employee group health plan in my name with derivative standing . . . ." Id. NRG's employees assigned the following: "In addition to the assignment of the medical benefits and/or insurance reimbursements above, I also assign and/or convey to the above named health care provide any and all legal or administrative claims arising under my [plan] . . . concerning medical expenses incurred." Id. Ex. C.

The Novartis Defendants claim that the AOBs confer standing only to seek payment for services rendered. They argue that the assignment says nothing about pursuing claims such as those in Counts Two, Three, or Four: breach of fiduciary duty, engaging in prohibited transactions, and failure to provide plan documents. The question, then, is whether these counts are "with respect to" and "concerning" medical expenses incurred, the key limiting language in the AOBs.

Recently, in Zapiach v. Horizon Blue Cross Blue Shield of New Jersey, the Hon. Kevin McNulty addressed the same argument by Horizon based on similar assignment language. No. 15-5333, 2016 WL 796891, at *3-4 (D.N.J. Feb. 29, 2016) (involving AOB that assigned all rights "applicable to the medical services at issue"). There, Judge McNulty did not decide standing because "factual development of the issue [was] necessary." Id. at *4; see also Premier Heath Center, PC v. United Health Group, 292 F.R.D. 204 (D.N.J. 2013). The Court agrees with his assessment and will do the same.

### B. Count Four (Failure to Provide Plan Benefits)

The Novartis Defendants next assert the same argument for dismissal of Count Four as Okonite: Plaintiffs do not allege that they asked for plan documents from PSE&G or NRG (though they do allege that they asked Novartis, Am. Compl. ¶ 188). PSE&G and NRG also

provide their plan documents, which state that they are the plan administrators and Horizon is the claims administrator. See Orlando Cert. Exs. E-1, E-2, E-3, F, Dkt. No. 62-4; see also Am. Compl. ¶ 135 (stating that Horizon is the "designated claims administrator"). As such, the Court dismisses Count Four against PSE&G and NRG for the same reason as above.

Novartis also seeks dismissal from the case on similar grounds. It admits that Plaintiffs requested plan documents from it, but it contends that it is not the plan administrator. Moreover, it contends that it is merely an employer, and therefore has no ERISA liability. In support, it offers a plan document stating that Novartis Corporation, not Novartis Pharmaceuticals Corp. (the entity named in this case), is the plan administrator. See Orlando Cert. Ex. D. Plaintiffs contest the factual validity of Novartis' claim and dispute whether the two Novartis entities are separate. Dismissal is therefore not warranted.

**IT IS**, on this 30th day of March, 2017,

**ORDERED** that Okonite's motion to dismiss, Dkt. No. 57, is **DENIED** as to Counts Two and Three but **GRANTED** as to Count Four; and it is further

**ORDERED** that the Novartis Defendants' motion to dismiss, Dkt. No. 62, is **DENIED** as to Counts Two and Three, **DENIED** as to Count Four against Novartis, but **GRANTED** as to Count Four against PSE&G and NRG.

/s/ *Madeline Cox Arleo*
**Hon. Madeline Cox Arleo**
**UNITED STATES DISTRICT JUDGE**

9