| | |
|---|---|
| **Chambers of**<br>**Leda Dunn Wettre**<br>**United States Magistrate**<br>**Judge** | **Martin Luther King Federal**<br>**Building & U.S. Courthouse**<br>**50 Walnut Street**<br>**Newark, NJ 07101**<br>**(973) 645-3574** |

**October 3, 2017**

To:   All counsel of record

## LETTER OPINION & ORDER

   **RE:**   *High Crest Functional Medicine, LLC, et al. v. Horizon Blue*
*Cross Blue Shield of New Jersey, Inc., et al.*
<u>Civil Action No. 15-8876 (MCA) (LDW)</u>

Dear Counsel:

   Before the Court is the motion of Clinton Brook & Peed to withdraw as counsel for plaintiffs. (ECF No. 158). The motion is **GRANTED** for the reasons set forth below.

   Plaintiffs commenced this action in December 2015 and the defendants filed Answers. (ECF Nos. 1, 10, 11, 17). The Court entered a discovery schedule in May 2016, setting a fact discovery deadline of January 31, 2017. (ECF No. 16). The completion of discovery under the initial schedule was delayed, however, by the filing of an Amended Complaint and subsequent motions to dismiss and for judgment on the pleadings. (ECF Nos. 19, 57, 62, 91, 92, 93). After District Judge Madeline Cox Arleo issued rulings on those motions (ECF Nos. 117, 132), this Court entered an Amended Scheduling Order extending the fact discovery deadline to December 20, 2017, and the expert discovery deadline to March 15, 2018. (ECF No. 137).

   On September 6, 2017, plaintiff's counsel moved to withdraw pursuant to New Jersey Disciplinary Rule of Professional Conduct ("RPC") 1.16. (ECF No. 158). The motion did not disclose the factual basis for the proposed withdrawal, contending that doing so would reveal information protected by the attorney-client privilege. (*Id.*). During a telephonic conference held before the undersigned on September 8, 2017, the Court directed plaintiff's counsel to file further factual support for the motion *in camera*. Plaintiff's counsel accordingly filed a supporting declaration *in camera* on September 11, 2017. They also filed a supplemental memorandum of law publicly, reiterating that

withdrawal was appropriate under RPC 1.16, but that counsel could not disclose the factual basis for the motion. (ECF No. 160). Plaintiffs were served with the motion (ECF No. 163) and have not objected to their counsel's withdrawal.

Defendant Horizon Blue Cross Blue Shield of New Jersey ("Horizon") responded to the motion on September 18, 2017, asserting that the Court should require plaintiff's counsel to disclose to the parties the reasons for withdrawal provided in the *in camera* declaration, to the extent that they are outside the scope of the attorney-client privilege, so that Horizon may determine whether to oppose the motion. (ECF No. 161). Horizon also requests that the Court not permit plaintiff's counsel to withdraw until plaintiffs respond to long-outstanding discovery requests. (*Id.*).

## I.    Propriety of the *In Camera* Declaration and Horizon's Request for More Information

As an initial matter, the Court finds that plaintiff's counsel's submission of a declaration supporting the motion to withdraw *in camera*, as the Court directed, was proper. Whether to employ *in camera* procedures in "circumstances involving sensitive information" is within the district court's discretion. *Am. Civil Liberties Union of N.J. v. F.B.I.*, 733 F.3d 526, 534 (3d Cir. 2013). Courts in this District have allowed an attorney moving to withdraw to submit documents providing the reasons for withdrawal *in camera* if those reasons concern information protected by attorney-client privilege. *See, e.g., Rusinow v. Kamara*, 920 F. Supp. 69, 72 (D.N.J. 1996).

Horizon is correct that under certain circumstances courts have disclosed portions of *in camera* declarations not protected by the attorney-client privilege. *See George v. Siemens Indus. Automation, Inc.*, 182 F.R.D. 134 (D.N.J. 1998). For instance, the court in *George* concluded that it had an obligation to disclose one paragraph of plaintiff's counsel's *in camera* affidavit to opposing counsel because it contained material that was relevant, not privileged, and "essential to preparation of the opposing party's case." *Id.* at 142. The *George* court further concluded that even assuming the material was covered by the work product doctrine, the "[d]efendants undoubtedly need [the material] to prepare an adequate defense" and any action by the Court short of disclosing the information would "result in the Court being a party to the perpetration of a fraud." *Id.* at 142-43. Under less extreme circumstances, however, other courts have refused to disclose information submitted in support of a motion to withdraw that the opposing side has "no legitimate interest" in reviewing. *Team Obsolete Ltd. v. A.H.R.M.A. Ltd.*, 464 F. Supp. 2d 164, 165 (E.D.N.Y. 2006).

Here, the Court has reviewed plaintiff's counsel's *in camera* declaration carefully and concludes that it contains information protected by the attorney-client privilege and

there is nothing to indicate that the information falls under the crime-fraud exception. The information in section A of the declaration, which forms the primary basis for the Court's decision to grant the motion, includes confidential client communications. Section B provides an alternate basis for withdrawal: plaintiffs' failure to pay attorney's fees. This section necessarily includes discussions of plaintiff's counsel's fee arrangements with plaintiffs. To the extent it does not discuss the nature of services rendered, that information is not privileged. *See id.* (court determined it had obligation to inform plaintiffs that a failure to pay legal fees was the basis for withdrawal); *see also Montgomery Cty. v. MicroVote Corp.*, 175 F.3d 296, 304 (3d Cir. 1999) ("The attorney-client privilege does not shield fee arrangements."); *In re Grand Jury Investigation*, 631 F.2d 17, 19 (3d Cir. 1980) (explaining "general rule" that attorney-client privilege does not protect fee information absent strong probability that disclosure would implicate client in criminal activity for which client sought legal advice); *Stanziale v. Vanguard Info-Solutions Corp.*, Civ. A. No. 06-2208 (MBK), 2008 WL 1808318, at *2 (Bankr. D.N.J. Apr. 21, 2008) ("[F]ees paid for legal work and the general nature of legal work performed do not constitute a confidential communication, but . . . specific descriptions of services necessarily intrude upon the area of confidential communications."). But nor are the details of the fee arrangement between plaintiffs and their counsel relevant to Horizon's counterclaims or defenses. Therefore, Horizon has no legitimate interest in such information and the Court will not order its disclosure. *See Team Obsolete Ltd.*, 464 F. Supp. 2d at 165, 166 (denying request to unseal affidavit submitted in support of defense counsel's motion to withdraw because although the court had an obligation to inform plaintiffs that a fee dispute was the basis for withdrawal, plaintiffs had "no legitimate interest in learning the specifics of this dispute"); *Patterson v. CBS Inc.*, Civ. A. No. 94-2562, 1996 WL 724697, at *1 (S.D.N.Y. Dec. 16, 1996) (sealing *ex parte* information submitted in support of plaintiff's motion to withdraw because defendants had "no legitimate reason to learn the particulars of the dispute" between plaintiff and his attorney).

## II.    Analysis of Motion to Withdraw

Local Civil Rule 102.1 provides that "[u]nless other counsel is substituted, no attorney may withdraw an appearance except by leave of Court." Pursuant to Local Civil Rule 103.1, the New Jersey Rules of Professional Conduct govern attorneys practicing in the District of New Jersey. L. Civ. R. 103.1. RPC 1.16 lists the circumstances under which an attorney may withdraw from representation of a client. Whether to grant a motion to withdraw is within the Court's discretion. *Cuadra v. Univision Commc'ns, Inc.*, Civ. A. No. 09-4946 (JLL), 2012 WL 1150833, at *5 (D.N.J. Apr. 4, 2012). The general criteria by which the Court typically considers such an application are "(1) the reasons why withdrawal is sought, (2) the prejudice withdrawal may cause to litigants, (3) the harm withdrawal might cause to the administration of justice and (4) the degree to which withdrawal will delay resolution of the case." *Haines v. Liggett Grp., Inc.*, 814 F. Supp.

414, 423 (D.N.J. 1993); *see also TBI Unlimited, LLC v. Clear Cut Lawn Decisions, LLC*, Civ. A. No. 12-3355 (RBK)(JS), 2014 WL 12616940, at *1 (D.N.J. Nov. 6, 2014). Nevertheless, and as the Third Circuit has explained, there is no required list of factors that a district court must consider in deciding a motion to withdraw, which is necessarily fact-specific. *See Ohntrup v. Makina Ve Kimya Endustrisi Kurumu*, 760 F.3d 290, 295 (3d Cir. 2014) ("[T]here is no multi-factor test that a district court must apply to decide a motion for attorney withdrawal. Rules regarding attorney withdrawal are necessarily general because of the context-laden nature of such determinations. The interests to be considered will vary widely from case to case.").

The Court, in the exercise of its discretion, grants plaintiff's counsel's motion to withdraw. Upon review of the *in camera* declaration and the motion papers filed electronically, the Court is satisfied that the counsel's withdrawal is warranted under RPC 1.16. Moreover, plaintiffs have not opposed the motion and Horizon has not provided a basis to deny the motion. Although granting the motion will require the entity plaintiffs to appear by new counsel and may slightly delay discovery, the reasons for withdrawal outweigh any potential prejudice to the litigants or delay in resolving the case. This case is not yet through discovery or scheduled for trial. Consequently, should new counsel appear for plaintiffs, there will be time for new counsel to complete discovery. Accordingly, the circumstances of this case favor withdrawal.

The Court denies Horizon's request for an order preventing plaintiff's counsel from withdrawing until plaintiffs respond to outstanding discovery requests. As discussed previously, the persuasive reasons for withdrawal provided in plaintiff's counsel's declaration outweigh the potential prejudice to Horizon caused by a delay in discovery. Given the nature of the withdrawal, preventing plaintiff's counsel from withdrawing until they prepare responses to outstanding discovery requests would be inappropriate. [1] Accordingly, the Court will not delay in granting the motion to withdraw.

Therefore, for the foregoing reasons, the motion to withdraw is **GRANTED** and it is hereby **ORDERED** that Plaintiff's counsel shall serve a copy of this Order upon its clients by overnight and regular mail within three (3) business days. Counsel's

---

[1]    The other cases Horizon cites to show prejudice are distinguishable. For instance, Clinton Brook & Peed's motion and declaration do not suggest that plaintiffs are attempting to delay proceedings by inciting their counsel's withdrawal, and nonpayment of fees is not the only basis for withdrawal. *See Rophaiel v. Alken Murray Corp.*, Civ. A. No. 94-9064, 1996 WL 306457, at *2 (S.D.N.Y. June 7, 1996). Nor are the parties finished with discovery and ready for trial; under those circumstances, the impact to the administration of justice would certainly be more severe. *See In re Lands End Leasing*, 220 B.R. 226, 235 (D.N.J. 1998).

withdrawal is not effective until they have provided contact information (address, telephone number, and email address) for each of their clients and proof of service of this Order upon their clients is filed on the Court's docket.

It is further **ORDERED** that plaintiffs High Crest Functional Medicine, LLC, Immunogen Diagnostics, LLC, Michael Segal, and Neelendu Bose, shall appear by new counsel on or before **October 27, 2017**. Should Michael Segal and Neelendu Bose (the individual plaintiffs) fail to appear by new counsel on or before October 27, 2017, the Court will deem them *pro se*. The Court further advises plaintiffs that limited liability companies may not proceed *pro se* in federal court. *Cf. Opta Sys., LLC v. Daewoo Elecs. Am.*, 483 F. Supp. 2d 400, 406 (D.N.J. 2007); *see also In re 69 N. Franklin Tpk., LLC*, No. 16-1383, 2017 WL 3263525, at *2 (3d Cir. Aug. 1, 2017). Accordingly, the entity plaintiffs must appear by new counsel by October 27, 2017, or will be subject to default. The Clerk's Office is directed to terminate ECF No. 158.

_Leda D. Wettre_
Leda Dunn Wettre
United States Magistrate Judge

cc: Hon. Madeline Cox Arleo, U.S.D.J.

5