# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

**Chambers of**
**Leda Dunn Wettre**
United States Magistrate Judge

Martin Luther King Federal Building
& U.S. Courthouse
50 Walnut Street
Newark, NJ 07101
(973) 645-3574

August 28, 2019

To:  All counsel of record

## REPORT & RECOMMENDATION

Re:  *High Crest Functional Medicine, LLC et al. v. Horizon Blue Cross Blue Shield of New Jersey, Inc. et al*, Civ. A. No. 15-8876 (MCA) (LDW)

Dear Counsel:

This Report and Recommendation addresses the application of plaintiffs High Crest Functional Medicine, LLC and Michael Segal (the "Segal Parties") to voluntarily withdraw without prejudice their legal malpractice counterclaim to an attorney lien petition filed by their former counsel Clinton Brook & Peed ("CBP"). (ECF No. 243). CBP opposes this application and requests instead that the Court convert its attorney lien petition to a motion for attorneys' fees that would proceed essentially as a case-within-a-case. (ECF No. 244). For the reasons that follow, the Court respectfully recommends that the application to voluntarily withdraw the legal malpractice counterclaim be **GRANTED** and, as a result, the pending motion to dismiss the counterclaim (ECF No. 231) be **TERMINATED AS MOOT**. Additionally, the Court recommends that CBP's application to convert its lien into a fee petition be **DENIED**.

The Court omits the lengthy and exceedingly complicated procedural history of the underlying matter in this case, which generally involves claims by out-of-network medical service providers for wrongful denial of insurance benefits, and addresses only the more recent developments that are relevant to the instant disputes. In a Letter Opinion and Order dated October 3, 2017, this Court granted CBP's motion to withdraw as counsel for plaintiffs the Segal Parties, Neelendu and Stephanie Bose, and the Boses' wholly-owned corporate entities (the "Bose Parties"); the Segal Parties have since made public that the basis for CBP's withdrawal was an alleged concurrent conflict of interest in violation of the New Jersey Rules of Professional Conduct. (ECF Nos. 166, 227). Following CBP's withdrawal, this Court conducted a settlement conference at which the parties reached a settlement in principle, (ECF No. 206), and this matter was administratively terminated on June 28, 2018. (ECF No. 210). At some point thereafter, CBP became aware of the settlement in this action, and on October 8, 2018, it filed an attorney lien petition pursuant to N.J. Stat. Ann. § 2A:13-5 to recover $329,919.46 in unpaid legal fees from any settlement money plaintiffs may have obtained. (ECF No. 219). The Segal Parties responded to CBP's lien petition and asserted a counterclaim for legal malpractice. (ECF No. 227).

## Application to Voluntarily Withdraw Counterclaim

In a stipulation dated April 15, 2019, the Segal Parties voluntarily dismissed with prejudice all claims asserted against defendant Horizon Blue Cross Blue Shield of New Jersey. (ECF No. 239). All parties apparently agree that, as a result of the Segal Parties' voluntary dismissal of their claims, there is no recovery to which an attorney lien could attach. In other words, the attorney lien petition is moot. *See Cole, Schotz, Bernstein, Meisel &Forman, P.A. v. Owens*, 292 N.J. Super. 453, 460 (App. Div. 1996) (noting that "[a]n attorney's lien is merely a right in the attorney to a lien on any judgment recovered for the attorney's client," but "[w]here there is no recovery, there is nothing to which the attorney's lien can attach"). As there can be no viable affirmative claim in the lien petition, the Segal Parties seek leave to withdraw without prejudice their legal malpractice counterclaim thereto.

CBP has already responded to the legal malpractice counterclaim and will not agree to a stipulation of dismissal, so the Segal Parties require leave of Court to voluntarily withdraw their counterclaim. Rule 41(a)(2) of the Federal Rules of Civil Procedure provides that "an action may be dismissed at the [counterclaim] plaintiff's request only by court order, on terms that the court considers proper." "Generally, a motion for dismissal should not be denied absent substantial prejudice" to the non-moving party. *Sporn v. Ocean Colony Condominium Ass'n*, 173 F. Supp. 2d 244, 255 (D.N.J. 2001) (quotation omitted). Factors relevant to a finding of substantial prejudice include "the expense of a second litigation, the effort and expense incurred by a [counterclaim] defendant in preparing for trial in the current case, the extent to which the current case has progressed, and [counterclaim] plaintiff's diligence in bringing the motion to dismiss." *Id.* (quotation omitted). Indeed, "courts have followed the principle that dismissal should be allowed unless the [counterclaim] defendant will suffer some plain legal prejudice other than the mere prospect of a second lawsuit." *United States ex rel. Haskins v. Omega Inst., Inc.*, 11 F. Supp. 2d 555, 570 (D.N.J. 1998).

Here, the ancillary lien petition/malpractice counterclaim has only minimally progressed. CBP filed its lien petition in October 2018, the Segal Parties responded and asserted their counterclaim in January 2019, and CBP moved to dismiss the counterclaim in March 2019. However, the Court entered an order extending *sine die* responsive briefing on the motion to dismiss while it has endeavored to resolve these issues consensually at numerous conferences, and no discovery has been taken. (ECF No. 233). Progress in the ancillary fee matter has been further complicated by the fact that the lien petition is asserted not only against the Segal Parties, but also against CBP's former clients the Bose Parties, who are in the midst of bankruptcy proceedings and take the position that the attorney lien matter is subject to an automatic bankruptcy stay. (ECF No. 225). Thus, although the attorney lien petition has been pending for some time, nothing of note has occurred, and certainly nothing that would have required a significant outlay of attorneys' fees by CBP. *See Atkinson v. Forest Research Inst., Inc.*, Civ. A. No. 13-4703, 2015 WL 790220, at *3 (D.N.J. Feb. 25, 2015) (granting Rule 41(a)(2) motion where "discovery so far has been minimal. No trial date has been set, and no dispositive motions are pending. A motion to dismiss . . . was denied by this Court on June 18, 2014. Otherwise, the parties most recently submitted proposed discovery deadlines for the Court's consideration. Whatever efforts and costs incurred by Defendants in this case that could be deemed wasted are not substantial enough to provide grounds to deny Plaintiff's motion"). Furthermore, the Segal Parties have been reasonably diligent in bringing their application for voluntarily dismissal, and there is no suggestion that they wish to withdraw their counterclaim to avoid an adverse judgment or to seek a more favorable forum. The Court recognizes that CBP has been living in the shadow of allegations of legal malpractice and

would prefer early resolution of the counterclaim on the merits, but that preference does not rise to the level of prejudice justifying denial of the Segal Parties' application to withdraw their counterclaim. As CBP has made no showing of substantial prejudice that would result from voluntary dismissal of the legal malpractice counterclaim without prejudice, the Court recommends that the motion be granted. As a result of this voluntarily dismissal, the pending motion to dismiss the counterclaim (ECF No. 231) should be terminated as moot.

Finally, CBP requests that it be reimbursed for costs incurred defending against the legal malpractice counterclaim, presumably pursuant to Rule 41(d)(1) of the Federal Rules of Civil Procedure. *See id.* at *6 ("The Court may impose conditions on the granting of the motion to dismiss without prejudice pursuant to Rule 41(a)(2), such as reimbursement of costs and attorney's fees."). Rule 41(d)(1) provides that "[i]f a plaintiff who previously dismissed an action in any court files an action based on or including the same claim against the same defendant, the court may order the plaintiff to pay all or part of the costs of the previous action." But, "Rule 41(d) is intended to prevent vexatious litigation, forum shopping, and attempts to gain tactical advantage by dismissing and refiling the suit." *F.T.C. v. Endo Pharm. Inc.*, Civ. A. No. 16-1440, 2017 WL 4583802, at *3 (E.D. Pa. Aug. 21, 2017) (quotation omitted). As none of those circumstances are present here, and in light of the early stage of the attorney lien/malpractice proceedings, the Court does not believe an award of costs or fees to CBP is warranted. *See Atkinson*, 2015 WL 790220, at *6 (granting Rule 41(a)(2) motion to voluntarily dismiss without prejudice and declining to award costs or fees to non-moving party because "this case has not progressed far beyond the initial pleadings, discovery has been minimal, any materials that have been provided will likely be relevant in subsequent litigation, and minimal time has been spent addressing dispositive motions").

## Application to Convert Attorney Lien Petition to a Motion for Attorneys' Fees

As the parties agree that the attorney lien petition has been rendered moot, CBP asks the Court to convert its lien to a motion for attorneys' fees pursuant to Rule 54(d)(2) of the Federal Rules of Civil Procedure so this Court can retain jurisdiction over the ancillary fee dispute. Rule 54(d)(2) addresses "disputes over the amount of attorneys' fees to be awarded in the large number of actions in which prevailing parties may be entitled to such awards or in which the court must determine the fees to be paid from a common fund." Fed. R. Civ. P. 54(d) advisory committee's note to 1993 amendment. In other words, Rule 54(d)(2) is the procedural vehicle by which a party, generally the prevailing party, requests an award of fees in an amount to be determined by the Court. Rule 54 does not, however, apply to a claim for attorneys' fees where "the substantive law requires those fees to be proved at trial as an element of damages." Fed. R. Civ. P. 54(d)(2)(A); *see* Fed. R. Civ. P. 54(d)(2) advisory committee's note to 1993 amendment (Rule 54(d)(2) "does not, however, apply to fees recoverable as an element of damages, as when sought under the terms of a contract; such damages are typically to be claimed in a pleading and may involve issues to be resolved by a jury").

CBP has not suggested that it is entitled to an award of fees by statute or as a prevailing party. This is not a situation where CBP asks the Court to determine the reasonableness of its hourly billing rates or the hours expended prosecuting plaintiffs' claims and exercise its judgment in determining an amount of fees a defendant will be required to pay CBP. Instead, CBP's claim for fees arises from an engagement agreement in which plaintiffs agreed to compensate their former counsel for work performed at stated hourly rates. *See* Attorney Lien Petition ¶¶ 3-6, ECF No. 219. CBP's fee claim sounds in breach of contract, in that it alleges that plaintiffs entered into an agreement with CBP for the provision of legal services, failed to make payments of legal fees due and owing, resulting in $329,919.46 in damages to CBP. *Id.* ¶¶ 3, 5, 11, 13. CBP has cited no authority for the

3

proposition that such breach of contract damages can be recovered by way of a Rule 54(d)(2) motion for attorneys' fees. *Cf. Sokoloff v. Gen. Nutrition Cos., Inc.*, Civ. A. No. 00-641, 2001 WL 536072, at *8 (D.N.J. May 21, 2001) (finding in a somewhat similar situation that "the text of Rule 54(d)(2)(A) prevents this Court from determining this contested contractual fee-shifting claim under the Franchise Agreement by motion because the substantive law governing the action provides for the recovery of such fees as an element of damages to be proved at trial. Although there is no dispute that the parties agreed to the fee-shifting provision in the Franchise Agreement, and that such an agreement is permissible, New Jersey substantive law requires that attorney's fees be proved as an element at trial, and therefore . . . defendants must bring a separate action in a court of competent jurisdiction for the award of attorney's fees as damages, arising from the contractual obligations of the Franchise Agreement" (quotations omitted)).

In the absence of a procedural mechanism for doing so, CBP requests that the Court simply exercise its discretion to retain jurisdiction to hear the ancillary fee dispute/malpractice claim amongst CBP, the Segal Parties, and the bankrupt Bose Parties. The underlying action is nearly four years old and has been administratively terminated for more than one year. The Court does not believe that the interests of justice or judicial economy are best served by allowing CBP to pursue a case within an already exceptionally complicated case, particularly as the ancillary fee matter is not straightforward, could require discovery, may be subject to an automatic bankruptcy stay, and is sure to prolong unnecessarily the underlying action. Instead, CBP should file a complaint in a court of competent jurisdiction so its breach of contract claim and any counterclaims thereto can proceed in a straightforward and efficient manner.

Accordingly, the Court recommends that the Segal Parties' application to voluntarily withdraw the legal malpractice counterclaim be **GRANTED** and, as a result, the pending motion to dismiss the counterclaim (ECF No. 231) be **TERMINATED AS MOOT**. Additionally, the Court recommends that CBP's application to convert its attorney lien petition into a motion for attorneys' fees be **DENIED**. The parties are hereby advised that, pursuant to Rule 72(b)(2) of the Federal Rules of Civil Procedure, they have 14 days after being served with a copy of this Report and Recommendation to serve and file specific written objections to the Hon. Madeline Cox Arleo, U.S.D.J.

*Leda Dunn Wettre*
Hon. Leda Dunn Wettre
United States Magistrate Judge

Orig: Clerk
cc: Hon. Madeline Cox Arleo, U.S.D.J.

4